# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Joshua Casey,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** _____ |
| ) | |
| **Midland Funding LLC;** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Equifax Information Services LLC ("Equifax")[1] hereby removes this action to the United States District Court for the Northern District of Alabama and further state as follows:

1.   Plaintiff Joshua Casey filed this action against Equifax and co-defendants Midland Funding LLC, Midland Credit Management, Inc. (collectively, "Midland"), Experian Information Solutions, Inc., and Trans Union LLC[2] in the Circuit Court of Shelby County, Alabama on January 23, 2021.[3]  In his complaint,

---

[1] Equifax is incorrectly identified in Plaintiff's complaint as "Equifax, Inc."

[2] Midland's, Experian Information Solutions, Inc.'s, and Trans Union LLC's respective consents to the removal of this action are attached collectively as Exhibit 1 hereto.

[3] *See Joshua Casey v. Midland Funding, LLC; et al.*, Pl.'s Compl., No. 2021-cv-900041.00 (Cir. Ct. Shelby Cnty., Ala.., Jan. 23, 2021).  Along with the other requisite underlying court filings and submissions, a copy of Plaintiff's complaint is included within Exhibit 2 hereto.

Plaintiff asserts a federal Fair Credit Report Act ("FCRA") count against all Defendants, a federal Fair Debt Collection Practices Act ("FDCPA") count against Midland, a malicious prosecution count against Midland, and an abuse of process count against Midland.[4]

2. Plaintiff's complaint was served on Equifax's registered agent on February 1, 2021.

3. This notice of removal is timely given that it is being filed within thirty (30) days of Equifax's receipt of Plaintiff's complaint. *See* 28 U.S.C. § 1446(b)(1).

4. This Court has jurisdiction of this action on the basis of federal question jurisdiction in that Plaintiff's complaint asserts claims arising under the Constitution, laws, or treaties of the United States—namely, his FCRA (*see* 15 U.S.C. § 1681, *et seq.*) and FDCPA (*see* 15 U.S.C. § 1692, *et seq.*) counts.[5]  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[6]  Thus, this Court has original subject matter jurisdiction over this case.

---

[4] *See Casey*, Pl.'s Compl. at pp. 29-38, ¶¶ 199-252, No. 2021-cv-900041.00 (Cir. Ct. Shelby Cnty., Ala.., Jan. 23, 2021).

[5] *See Casey*, Pl.'s Compl. at pp. 29-35, ¶¶ 199-234, No. 2021-cv-900041.00 (Cir. Ct. Shelby Cnty., Ala.., Jan. 23, 2021).

[6] *See also* 15 U.S.C. § 1692k(d) (providing that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regarding to the amount in controversy").

5. Each of the counts set forth in Plaintiff's complaint arises out of and otherwise relates to the same alleged conduct—*i.e.*, efforts or actions taken in connection with or otherwise related to the attempted collection of a single, underlying debt from Plaintiff.[7] Accordingly, this Court likewise has supplemental jurisdiction over Plaintiff's state law claims for malicious prosecution and abuse of process.[8] *See* 28 U.S.C. § 1367 (recognizing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

6. This action may be removed to this Court pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").[9]

---

[7] *See Casey*, Pl.'s Compl., No. 2021-cv-900041.00 (Cir. Ct. Shelby Cnty., Ala.., Jan. 23, 2021).

[8] *See Casey*, Pl.'s Compl. at pp. 35-38, ¶¶ 235-252, No. 2021-cv-900041.00 (Cir. Ct. Shelby Cnty., Ala.., Jan. 23, 2021).

[9] *Cf., e.g.*, *Scheffler v. Gurstel Chargo, P.A.*, 902 F.3d 757, 760 (8th Cir. 2018) (action removed from state court to federal court where plaintiff's "operative complaint alleged that [defendant] violated his rights under provisions of the FDCPA").

7. Equifax's co-defendants consent to the removal of this action.[10] *Cf. Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1187-88 (8th Cir. 2015) (determining that representation in railroad company's timely notice of removal that its co-defendants consented to removal of case was a sufficient indication of codefendants' consent for purposes of removal).

8. Pursuant to 28 U.S.C. § 1446(a), Equifax has attached copies of all process, pleadings, orders, and other papers served or otherwise filed in the underlying action.[11]

9. On the date of this filing, and as required by 28 U.S.C. § 1446(d), Equifax will provide written notice of the filing of this notice of removal to all parties, and Equifax will file a true and correct copy of the same with the Clerk of the Circuit Court of Shelby County, Alabama.

10. No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleadings are expressly reserved.

WHEREFORE, Defendant Equifax Information Services LLC respectfully provides notice that the above-captioned action is removed to the United States District Court for the Northern District of Alabama, Southern Division.[12]

Date: February 26, 2021

---

[10] *See* Ex. 1.

[11] *See* Ex. 2.

[12] Pursuant to Local Rule 3.1, a Civil Cover Sheet is submitted herewith as Ex. 3.

                                        Respectfully submitted,

                                        */s/ W. Brock Phillips*
                                        Attorney for Defendant,
                                        Equifax Information Services LLC

**OF COUNSEL:**

W. Brock Phillips
MAYNARD COOPER & GALE
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
Telephone: (205) 254-1981
bphillips@maynardcooper.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of February, 2021, I served the foregoing and attached via electronic mail and U.S. Mail, postage prepaid, on the following:

John G. Watts (john@wattsherring.com)
M. Stan Herring (stan@wattsherring.com)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
*Counsel for Plaintiff Joshua Casey*

L. Jackson Young (jyoung@my-defense.com)
MOORE YOUNG FOSTER & HAZLETON, LLP
1122 Edenton Street
Birmingham, Alabama 35242
*Counsel for Defendant Experian Information Solutions, Inc.*

Jason B. Tompkins (jtompkins@balch.com)
Thomas R. DeBray, Jr. (tdebray@balch.com)
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
*Counsel for Defendants Midland Funding LLC and Midland Credit Management, Inc.*

Matthew Robinett (mrobinett@nwkt.com)
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
*Counsel for Defendant Trans Union LLC*

                                            */s/ Brock Phillips*
                                            Of Counsel