

FILED
2021 Feb-26  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

ELECTRONICALLY FILED
1/23/2021 6:47 PM
58-CV-2021-900041.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>58<br><br>Date of Filing:<br>01/23/2021 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**JOSHUA CASEY v. MIDLAND FUNDING LLC ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 1/23/2021 6:47:35 PM | /s/ JOHN GRIFFIN WATTS |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
1/23/2021 6:47 PM
58-CV-2021-900041.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

# IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| JOSHUA CASEY, | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| MIDLAND FUNDING LLC; | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT, INC.; | ) | |
| EQUIFAX, INC.; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, | ) | |
| INC; TRANS UNION, LLC; | ) | |
| Fictitious Defendants "A", "B" and | ) | |
| "C" thereby intending to refer to | ) | |
| the legal entity, person, firm or | ) | |
| corporation which was responsible | ) | |
| for or conducted the wrongful acts | ) | |
| alleged in the Complaint; Names of | ) | |
| the Fictitious parties are unknown | ) | |
| to the Plaintiff at this time but will | ) | |
| be added by amendment when | ) | |
| ascertained | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) by

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

**Midland Funding, LLC** and **Midland Credit Management, Inc.**, by violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]) by the **Midland** entities and **Equifax, Experian,** and **Trans Union**, in their illegal efforts to collect and/or credit report against Plaintiff on a debt that Plaintiff did not and does not owe.

2.    The Plaintiff was sued by **Midland** for a debt Plaintiff did not owe.

3.    Defendant **Midland** never had any intention of offering any proof at trial.

4.    Instead, the lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

5.    This is the pattern of collection activity by Defendant **Midland** in its collection lawsuits in Alabama.

6.    The Plaintiff won the lawsuit.

7.    Plaintiff then disputed the false account on his credit reports directly with the three credit reporting agencies (**Equifax, Experian** and **Trans Union**) but all Defendants refused to delete this false account.

## **JURISDICTION**

8.    Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Alabama and this suit arises out of

2

their specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

## VENUE

9.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

## PARTIES

10.    Plaintiff Joshua Casey (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama and is a "consumer" as defined by the FDCPA.

11.    Defendant **Midland Funding, LLC**, ("Defendant" or "**Midland**[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.   It is a "debt collector" under the FDCPA and it is a "furnisher" under the FCRA.

12.    Defendant **Midland Credit Management, Inc.**, ("Defendant" or "**Midland**") is a foreign debt collection firm that engages in the

---

[2] **"Midland Funding, LLC"** or **"Midland Credit Management, Inc."** or "**Midland**" means Midland directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

business of debt collection in Alabama.  It is a "debt collector" under the FDCPA and it is a "furnisher" under the FCRA.

13.    In this case, Defendants **Midland Funding, LLC** and **Midland Credit Management, Inc.** acted as agents for each other and all actions taken by one entity were taken on behalf of the other entity.  As one simple example, in the credit reporting both entities are listed as being responsible for reporting the debt to the consumer reporting agencies.

14.    **Midland Funding, LLC** and **Midland Credit Management, Inc.** are hereinafter referred to collectively as "Midland."

15.    **Midland** allegedly buys defaulted consumer debt.

16.    **Midland** has as its principal purpose debt collection including credit reporting.

17.    These companies are operated from the same location, with the same ownership, and are otherwise treated as one company.

18.    **Equifax, Inc.** ("**Equifax**") is a foreign company that is a "consumer reporting agency" under the FCRA.

19.    **Experian Information Solutions, Inc.** ("**Experian**") is a foreign company that is a "consumer reporting agency" under the FCRA.

20.    **Trans Union, LLC** ("**Trans Union**") is a foreign company that is a "consumer reporting agency" under the FCRA.

4

21.    Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

22.    Any reference to any Defendant refers to that Defendant as well as the Fictitious Defendants.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS  BY MIDLAND IN ALABAMA

23.    This case represents a growing trend in the debt collection and credit reporting industries.

24.    First, a debt buyer such as **Midland** which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in small claims or district court.

25.    While the debt buyer will claim that it has accurate records, this is not true.

26.    The purchase agreement between the original creditor and the first debt buyer will state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer.

27.    That first debt buyer cannot represent any greater quality to any subsequent debt buyer.

28. In any event, one of the debt buyers, in this case **Midland**, will sue the Alabama consumer.

29. **Midland** will hire a collection law firm to file the suit.

30. Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

31. Occasionally, however, the consumer will file an answer and deny owing money.

32. This causes a huge problem for **Midland** as it will lose.

33. The reason is that **Midland** knows that in virtually every case it will be unable (or unwilling) to prove that the consumer owes this debt to **Midland**.

34. A big part of this reason is **Midland** cannot (or will not) show that it <u>owns</u> the debt and without showing this, the consumer does not owe **Midland**.

35. The debt buyer **Midland** has no intention of proving its case.

36. No witness will be provided by **Midland**.

37. No admissible evidence will be presented in court.

38. The entire model is based upon filing a high volume of cases, obtaining default judgments, and never having to make any effort to prove the allegations of the lawsuit.

6

39.   When resistance is provided, such as an attorney defending a consumer or a consumer who refuses to be intimidated, **Midland** knows the case will be lost as it has no evidence, no witness, and no intention of proving the case.

40.   This is a reality that **Midland** prefers to keep secret from consumers in Alabama.

41.   The case gets set for trial.

42.   The judge rules in favor of the consumer at the trial as Midland offered no evidence.

43.   **Midland** has 14 days to appeal from an adverse judgment in Alabama Small Claims or Alabama District Court.

44.   **Midland** does not appeal.

45.   **Midland** knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

46.   Since the debt is not owed, collection efforts must cease.

47.   Since the debt is not owed, false credit reporting has occurred by **Midland** with the help of the consumer reporting agencies.

48.   The consumer, upon seeing the false credit reporting, disputes with the consumer reporting agencies (**Equifax**, **Experian**, and **Trans Union**) but

**Midland** and the consumer reporting agencies refuse to delete the false account and instead keep it on the consumer's credit reports.

49.     The factual allegations above relate directly to Defendant **Midland** concerning the filing of the lawsuit by Defendant **Midland**, its lack of any intent or ability to prove its case against Plaintiff who does not owe Defendant **Midland** any money on this account, Defendant **Midland's** collection activities against Plaintiff, and **Midland**, **Equifax**, **Experian**, and **Trans Union** refusal to stop false credit reporting on the Midland account.

## <u>RECOGNITION OF THE WIDESPREAD</u>

## <u>ABUSE BY COLLECTORS</u>

50.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

51.     Congress recognized that there are four social ills caused by abusive debt collection:   (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

52.     Congress also found that it is fundamentally *unfair* for the abusive collection agencies to have an *unfair* competitive advantage over those *honorable debt collectors that decide to obey the law and follow the rules*.

8

53.    15 USC § 1692 is entitled "Congressional findings and declaration of

purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, decep-
tive, and unfair debt collection practices by many debt
collectors. **Abusive debt collection practices contribute**
to the number of personal bankruptcies, to marital
instability, to the loss of jobs, and **to invasions of
individual privacy**.

(b)    Existing laws and procedures for redressing these injuries
are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive
debt collection practices are available for the effective
collection of debts**.

(d)    Abusive debt collection practices are carried on to a sub-
stantial extent in interstate commerce and through means
and instrumentalities of such commerce. Even where
abusive debt collection practices are purely intrastate in
character, they nevertheless directly affect interstate com-
merce.

(e)    It is the **purpose** of this title to **eliminate abusive debt
collection practices** by debt collectors, to *insure that
those debt collectors who refrain from using abusive debt
collection practices are not competitively disadvantaged*,
and to promote consistent State action to protect
consumers against debt collection abuses.

(Emphasis added).

## The Small Claims Complaint

54.    On December 18, 2019, Defendant **Midland** sued Plaintiff in the

District Court of Shelby County, Alabama, with a case number of DV-

2019-901105.

55.    This suit was filed by the Scott & Associates collection law firm.

56.   In this suit, Defendant **Midland** asserted it was the owner of a certain debt allegedly owed by Plaintiff.

57.   Defendant **Midland** alleged Plaintiff owed **Midland** $7,053.61.

58.   Defendant **Midland** also claimed court costs.

59.   Defendant **Midland** knows that Plaintiff has never done business with Defendant **Midland**.

60.   No mention was made in the lawsuit that whoever sold the alleged debt to **Midland** disclaimed the accuracy of the records.

61.   Given this lawsuit, Defendant **Midland** would be expected to have an intention of proving its case.

62.   No such intention existed.

63.   Defendant **Midland** never intended to offer one shred of evidence to prove its case.

64.   This lawsuit, and the thousands of other Alabama lawsuits filed by **Midland** every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant **Midland** cannot and will not prove it has any right to collect on.

65.   Another intention of Defendant **Midland** was to continue to allow the case to move towards trial with the intent that the Plaintiff would be

intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

66.    Defendant **Midland** knew Plaintiff did not owe the debt sued on.

67.    Defendant **Midland** made numerous misrepresentations and false statements in the lawsuit.

68.    Defendant **Midland** misrepresented that a debt was owed – none was owed by Plaintiff to Defendant **Midland**.

69.    Defendant **Midland** misrepresented the amount owed when Plaintiff owed Defendant **Midland** nothing on this account.

70.    Defendant **Midland** misrepresented that Defendant **Midland** had standing and the right to bring the lawsuit when Defendant **Midland** did not have standing and did not have the right to bring the lawsuit.

71.    Defendant **Midland** did not own the debt at the time the lawsuit was filed.

72.    Defendant **Midland** did not own the debt at any time the lawsuit was pending.

73.    Defendant **Midland** misrepresented that they intended to prove their case when Defendant **Midland** had no intent to prove their case.

74.    Defendant **Midland** misrepresented that they intended to offer any evidence in the case when Defendant **Midland** had no intention of offering any evidence in the case showing **Midland** owned the debt.

75.    This suit was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant **Midland** in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers.

### Plaintiff Answers The Midland Lawsuit

76.    Plaintiff did not and does not owe the debt to **Midland**.

77.    Plaintiff filed an Answer on March 6, 2020, denying the allegations of Defendant **Midland**.

78.    Defendant **Midland** received a copy of this denial.

79.    Defendant **Midland** understood that Plaintiff was refusing to pay on this debt.

80.    Defendant **Midland** understood that Plaintiff disputed this debt.

81.    Defendant **Midland** knew Plaintiff did not owe this debt.

82.    Defendant **Midland** made a conscious choice to continue to allow the lawsuit to move forward even though Defendant **Midland** knew that there was no merit to the case, but Defendant **Midland** sought to use

the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant **Midland**.

## Midland Loses The Collection Case

83. On October 2, 2020, District Court Judge Daniel A. Crowson, Jr. entered a judgment in favor of Plaintiff Casey and against Defendant **Midland**.

84. Defendant **Midland** offered no proof that it was entitled to a verdict against Plaintiff.

85. Defendant **Midland** did not have at trial any employee or agent of Defendant **Midland** to present evidence or testimony.

86. Defendant **Midland** did not question any employee or agent of Defendant **Midland** at trial in this case.

87. Judge Crowson ruled in favor of Plaintiff Casey.

88. This ended the case Defendant **Midland** filed against Plaintiff.

## Defendant Midland Falsely Credit Reports on Plaintiff's Credit

89. Credit reporting by Defendant **Midland** occurred before, during, and after the collection lawsuit.

90. Defendant **Midland** knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law.

91.    Defendant **Midland** knew that Plaintiff did not owe Defendant Midland any money on this debt.

92.    Defendant **Midland** knew that Defendant **Midland** did not own the debt being credit reported.

93.    The reason for the false credit reporting was to force the Plaintiff into paying a debt not owed.

### Additional Factual Allegations Against Defendant Midland

94.    Defendant **Midland** is not the owner of this alleged debt.

95.    Defendant **Midland** has collected against Plaintiff when Plaintiff did not owe any money to Defendant **Midland** on this account.

96.    Defendant **Midland** has misrepresented the debt to Plaintiff and to others including through false credit reporting.

97.    This includes the amount of the debt as none is owed.

98.    This includes the legal status of the debt as none is owed.

99.    This includes the false statement that Defendant **Midland** intended to offer any proof in the case when it had no such intention.

100.   Defendant **Midland** has threatened to take action it knows is illegal for Defendant **Midland** to take.

101.   This includes suing on a debt it knew or should have known Plaintiff did not owe, proceeding to trial when Defendant **Midland** knew at the

time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, and falsely credit reporting a debt.

102. Defendant **Midland** knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant **Midland** did not own the debt, by false credit reporting, by misrepresenting numerous facts in the lawsuit, by threatening to take Plaintiff's property and wages, and by all other wrongful acts described in this Complaint.

103. Plaintiff did not and does not owe this money to Defendant **Midland**.

104. The debt being collected is a consumer debt as defined by the FDCPA.

105. Plaintiff is a "consumer" as defined by the FDCPA and the alleged debt at issue was for personal, family, and/or household purposes.

106. Defendant **Midland** is a "debt collector" as defined by the FDCPA.

107. Defendant **Midland** has been repeatedly sued in Alabama for filing suits with no basis to do so.

108.   Defendant **Midland** has been repeatedly sued in Alabama for filing suits with no intention of proving the allegations in the lawsuits.

109.   Defendant **Midland** has been repeatedly sued in Alabama for false credit reporting on debts not owed by Alabama consumers.

110.   Defendant **Midland** has full knowledge of what it is doing by filing bogus lawsuits and illegal collection activities.

111.   Defendant **Midland** knows that it is suing Alabama consumers who do not owe the debts being sued upon.

112.   Defendant **Midland** knows that it is suing Alabama consumers on debts that Defendant **Midland** does not own.

113.   Defendant **Midland** has calculated that the most profitable way to conduct these suits is to file them with no investigation on the merits of the suit, to provide no evidence to collection counsel, to provide no valid evidence for any court to consider, and to use deception and intimidation to force Alabama consumers to pay for debts not owed or to obtain default or consent judgments against the Alabama consumers.

114.   Defendant **Midland** files numerous lawsuits in Alabama with no intention of proving those lawsuits.

115.   Defendant **Midland** is counting on the fact that many Alabama consumers will not answer and so default judgments will be entered.

116.   This overall type of "scattershot" litigation strategy is improper, deceptive, and abusive.

117.   Defendant **Midland** knows that its "scattershot litigation" is improper, but it has decided that this is the most effective way to obtain money from Alabama consumers who do not owe the money to Defendant **Midland**.

118.   The conduct of the Defendant **Midland** has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

119.   It is a practice of the Defendant **Midland** to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

120.   Defendant **Midland** knows its conduct is wrong, but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

121.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant **Midland** were taken in the line and scope of such individuals' employment, agency or representation.

122. This includes collection counsel for Defendant **Midland** who in all ways conducted themselves in the line and scope of their agency and representation of Defendant **Midland**.

123. All actions taken by the Defendant **Midland** were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, FCRA, and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA, FCRA and/or state law.

124. Defendant **Midland** has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant **Midland** is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

125. Defendant **Midland** is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations

of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

**All Defendants Continue To Falsely Credit Report Even After Plaintiff Casey Requested That Each Defendant Stop Its False Credit Reporting**

<u>Background on Credit Reporting</u>

126.   Credit reporting is a fact of modern life.

127.   Plaintiff, like other consumers in America, has no choice on whether private companies such as **Equifax**, **Experian** and **Trans Union** maintain and sell credit reports on Plaintiff to other companies typically known as "users" of credit reports.

128.   Plaintiff has no choice in whether debt collectors such as **Midland** credit report to companies such as **Equifax**, **Experian** and **Trans Union** about Plaintiff.

129.   Plaintiff's sole right is the thought that should be comforting that any such credit reporting must be done accurately and completely.

130.   Consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union** are not allowed to report false information.

131.   And they are not allowed under the law to report incomplete information.

132. Furnishers of information, such as **Midland**, are required to report only accurate and complete information.

133. Congress passed the FCRA and specifically stated in Section 1681(a)(4) that "There is a need to insure that consumer reporting agencies exercise their **grave responsibilities** with fairness, impartiality, and a respect for the consumer's right to privacy."  (Emphasis added).

134. Consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union** are notorious for treating their responsibilities in a flippant manner instead of treating them as "grave responsibilities" as required by the FCRA.

## **The Dispute Method Of Correcting False Or Incomplete Information**

135. When a consumer, such as Plaintiff, realizes there is false information on credit reports, Plaintiff has the right to dispute this with **Equifax**, **Experian** and **Trans Union**.

136. The consumer simply disputes (verbally by phone, online, by fax, or by mail) to **Equifax**, **Experian** and **Trans Union** and requests an investigation of the account ("tradeline" in the industry jargon) so that the account will be corrected or deleted.

137.   If the account, such as the **Midland** account, is a false account, then the only solution is to delete it as Plaintiff did not and does not owe any money to **Midland**.

138.   When a consumer reporting agency receives a dispute from a consumer, it has three choices.

139.   First, it can reasonably deem the dispute as "frivolous" and notify the consumer within five business days.

140.   Second, it can delete the account without an investigation.

141.   Third, and this is the most common, the consumer reporting agency will notify the furnisher of the information within five business days by sending a copy of the dispute to the furnisher.

142.   If the consumer reporting agency does not notify the furnisher as required by the FCRA, this is a violation of the FCRA by the consumer reporting agency.

143.   The third choice results in both the consumer reporting agency and the furnisher each doing its own reasonable investigation into the dispute and requires both entities to examine all information each entity has or can reasonably obtain to assist in the investigation.

144.   Each entity, the consumer reporting agency and the furnisher (if notified by the consumer reporting agency) must correct inaccurate or incomplete

information or delete the account if the account is found to be inaccurate or incomplete or cannot be verified for accuracy.

### Plaintiff Disputes Online And By Phone To All Three Consumer Reporting Agencies (Equifax, Experian and Trans Union) About The Midland Account

145.   Plaintiff disputed online and by phone.

146.   Each consumer reporting agency -- **Equifax**, **Experian** and **Trans Union** – received Plaintiff's dispute.

147.   Plaintiff disputed owing the **Midland** account (only one **Midland** account was listed on his reports).

148.   Plaintiff sent or offered to send (if the online system did not allow for uploads) the information about the lawsuit and the victory in Shelby County District Court.

149.   No Defendant – including **Equifax**, **Experian** and **Trans Union** – deemed any dispute related to the **Midland** account to be frivolous.

150.   No Defendant deleted the **Midland** account despite Plaintiff's victory in the Shelby County District Court at trial.

151.   Each consumer reporting agency -- **Equifax**, **Experian** and **Trans Union** – notified **Midland** promptly within five business days of the dispute and provided all required and submitted information.

152.   Alternatively, one or more consumer reporting agencies failed and refused to send the information to **Midland**, violating the FCRA.

153.   As this knowledge is only know to the Defendants, Plaintiff has pled it alternatively as is Plaintiff's right under the Alabama Rules of Civil Procedure.

## All Defendants Refuse To Correct And Delete The

## False Midland Account

154.   **On November 26, 2020, Experian** completed its investigation and sent the results to Plaintiff.

155.   The investigation results states, "The information you disputed has been **verified as accurate**; however, information unrelated to your dispute has been updated.  Please review your report for the details.  You can contact MIDLAND FUNDING at 320 E BIG BEAVER RD STE 300, TROY, MI 48083 OR (844) 236-1959." (Emphasis added)

156.   The balance is listed as $7,054, updated as of November 25, 2020.  It lists Midland Funding as the Account Name and the status as "Collection account.  $7,054 past due as of November 2020."

157.   **On December 11, 2020, Equifax** completed its investigation and sent Plaintiff the results of investigation.

158. The investigation results states, "The information you disputed has been **verified as accurate**, however, information unrelated to your dispute has been updated.  If you have additional questions about this item please contact:  Midland Credit MGMT Inc, 320 E Big Beaver Ste 300, Troy, MI 48083 Phone:  (877) 822-0381."  (Emphasis added)

159. The balance is reported as $7,054 as of December 11, 2020 for "Midland Funding LLC."

160. **On December 17, 2020, Trans Union** wrote to Plaintiff and enclosed the results of investigation to him.

161. "We take this matter seriously, and we want to make sure your TransUnion credit report is accurate.  It is our commitment to you."

162. "INVESTIGATION RESULTS – **VERIFIED AS ACCURATE** AND UPDATED:  The disputed item(s) was **verified as accurate**; however, other information has also changed."  (Emphasis added)

163. The account is listed as "MIDLAND FUNDING LLC" and the updated reporting shows a balance of $7,054, updated December 15, 2020, a pay status of "<In Collection>."

164. If any of the five Defendants had performed even a negligent investigation, it is more likely than not that this false account would have been removed.

165. Even a negligent, careless, and inept investigation would have resulted in a deletion as it is hard to imagine an easier investigation than saying, "The Judge ruled Plaintiff Casey does not owe the debt so it should be removed."

166. It is disappointing, but typical, that no Defendant would even perform an inept investigation.

167. Certainly a reasonable (non-negligent) investigation by each Defendant would have absolutely resulted in a deletion as **Midland** suing and losing at trial means that Plaintiff does not owe any money to **Midland**.

168. Instead of a reasonable investigation, the Defendants have a policy, procedure, practice, custom, and habit of recklessly and intentionally refusing to investigate legitimate disputes.

169. This is what happened here.

170. The Defendants **Equifax**, **Experian** and **Trans Union** have argued vigorously in recent years that they are incapable of doing disputes if a legal case could possibly determine the rights between the furnisher and the consumer.

171. This is and has been a bogus argument and is not supported by the text of the FCRA.

172. This case is a perfect example of the hypocrisy of the consumer reporting agencies such as **Equifax**, **Experian** and **Trans Union**.

173. Here, the furnisher (**Midland**) and consumer (Plaintiff Casey) had a dispute over whether debt was owed.  Specifically $7,054 related to a Synchrony Bank card.

174. Had Plaintiff disputed <u>before</u> the collection lawsuit was filed and tried, **Equifax**, **Experian** and **Trans Union** would have gone ballistic if Plaintiff sued after the **Midland** account was kept.

175. They would argue "This is a legal dispute, and we can't determine the rights – you have to go to court to get a ruling!"

176. But here there was a court case.

177. There was a ruling.

178. The ruling was in favor of Plaintiff Casey.

179. He does not owe any money to **Midland**.

180. This was submitted or identified to **Equifax**, **Experian** and **Trans Union**.

181. Each company -- **Equifax**, **Experian** and **Trans Union** as well as **Midland** – could easily have read the complaint and order from the District Court in Shelby County.

182. But they chose not to.

183. **Equifax**, **Experian** and **Trans Union** chose not to because in reality <u>all they are capable of doing is to perform like a bird and parrot back whatever the furnisher tells them</u>.

184. This is not a situation where they are trying their best and are just not capable of meeting the requirements of the law.

185. If this was the case, they should exit the business.

186. Instead, this is a situation where **Equifax**, **Experian** and **Trans Union** have voluntarily and deliberately chosen to make themselves incompetent as they have no desire to properly investigate disputes.

187. The same is true for **Midland** who is required to do a reasonable investigation upon notification from the consumer reporting agencies of a dispute.

188. **Equifax**, **Experian** and **Trans Union** have refused to invest the time, money, and effort to actually carry out their federally mandate duties of investigation.

189. **Midland** has done the same by refusing to invest the time, money, and effort to actually carry out their federally mandate duties of investigation.

190. **Equifax**, **Experian** and **Trans Union** have each abdicated the required investigation to merely repeating whatever the furnisher says.

191.  Here, **Midland** as the furnisher, has also refused to properly investigate as required by the FCRA.

192.  The reason is as long as **Midland** keeps false information on credit reports, then it could get paid by consumers like Plaintiff Casey.

193.  Keeping debt collection accounts on a credit report is terribly damaging from both a scoring perspective (Vantage and FICO) and from an underwriting perspective for loans.

194.  Consumers are often forced to pay debts they do not owe simply to qualify for a loan or pass a background screening check etc.

195.  **Midland** files thousands of suits a year in Alabama and knows exactly what it means when it loses a case, but it has decided, at the highest levels, to keep false accounts on credit reports to extort money out of consumers such as Plaintiff Casey either by refusing to investigate or purposely setting up their business so that they are incompetent when it comes to investigating credit report disputes.

196.  **Equifax**, **Experian** and **Trans Union** also understand the effect of losing a debt buyer case and how the debt buyer account cannot remain on the consumer's credit report.

**Damages Suffered By Plaintiff Due To The Actions Of Defendants**

197.    Plaintiff has suffered actual damages as a result of these illegal actions by each and every Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, damage to credit, economic loss, as well as suffering from unjustified and abusive invasions of personal privacy.  All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

198.    All actions (and omissions) by any employee or agent of each Defendant were taken in the line and scope of such employment or agency relationship.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681 et seq.
DEFENDANTS MIDLAND, EQUIFAX, EXPERIAN, AND TRANS
UNION**

199.    Defendant **Equifax** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

200.    Defendant **Experian** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

29

201.  Defendant **Trans Union** is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

202.  Plaintiff's credit reports from **Equifax**, **Experian** and **Trans Union** were accessed and the false information about **Midland's** account was published to third parties before the disputes and after the results of investigations from Plaintiff's disputes to **Equifax**, **Experian** and **Trans Union**.

203.  Plaintiff notified Defendant **Experian** directly of a dispute on the Midland account's completeness and accuracy.

204.  Defendant **Experian** properly notified **Midland** of the dispute as required by the FCRA.

205.  Alternatively, Defendant **Experian** did not properly notify **Midland** of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

206.  Defendant **Experian** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

207.  Plaintiff alleges that at all relevant times Defendant **Experian** failed to maintain and failed to follow reasonable procedures to assure

maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

208.  Plaintiff notified Defendant **Equifax** directly of a dispute on the Midland account's completeness and accuracy.

209.  Defendant **Equifax** properly notified **Midland** of the dispute as required by the FCRA.

210.  Alternatively, Defendant **Equifax** did not properly notify **Midland** of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

211.  Defendant **Equifax** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

212.  Plaintiff alleges that at all relevant times Defendant **Equifax** failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

213.  Plaintiff notified Defendant **Trans Union** directly of a dispute on the **Midland** account's completeness and accuracy.

214. Defendant **Trans Union** properly notified **Midland** of the dispute as required by the FCRA.

215. Alternatively, Defendant **Trans Union** did not properly notify Midland of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

216. Defendant **Trans Union** failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i and this was done negligently and/or wantonly and/or willfully.

217. Plaintiff alleges that at all relevant times Defendant **Trans Union** failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

218. **Midland** is a "furnisher" under the FCRA as it furnishes information to one or more consumer reporting agencies.

219. **Midland** was properly notified of Plaintiff's disputes.

220. **Midland** refused to properly investigate as required by the FCRA.

221.  **Midland** knew it was reporting false information in violation of the FCRA but refused to correct this by deleting the false information and account.

222.  Plaintiff alleges that Defendants **Midland, Equifax, Experian and Trans Union** failed to conduct a proper and lawful reinvestigation.

223.  All actions taken by the Defendants **Midland, Equifax, Experian and Trans Union** were done with negligence.

224.  All actions taken by the Defendants **Midland, Equifax, Experian and Trans Union** were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

225.  All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

226.  All actions of Defendants **Midland, Equifax, Experian and Trans Union** have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past

and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II. (DEFENDANT MIDLAND ONLY)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692

227.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

228.    **Midland** violated Sections (and all subsections listed below) 1692e, by collecting this debt as alleged in this Complaint.

229.    Section 1692e forbids "any false, deceptive, or misleading representation" and false credit reporting certainly qualifies.

230.    Section 1692e(2) has been violated as the "character, amount or legal status" of the **Midland** debt has been misrepresented as no debt is owed but yet **Midland** continues to say the debt is owed.

231.    Section 1692e(8) specifically forbids the credit reporting of false information and **Midland** knew and knows that its credit reporting is false.

232.    This includes **Midland** failing to note the account was disputed.

233.    Section 1692e(10) forbids "The use of any false representation or deceptive means to collect or attempt to collect any debt. . . ."

Reporting a balance and reporting an account that is not owed violates this example of Section 1692e.

234. The conduct of the **Midland** has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III. (DEFENDANT MIDLAND ONLY)

## MALICIOUS PROSECUTION

235. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

236. **Midland** sued Plaintiff in the Shelby County District Court.

237. **Midland** instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

238. **Midland** filed the lawsuit with no intention of ever proving its case.

239. **Midland** continued to prosecute the case with no intention of ever proving its case.

240. **Midland** filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

241. **Midland** instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay **Midland** money on a non-existent debt.

242. The malicious plan of **Midland** included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and **Midland** tried to accomplish this by **Midland's** malicious and abusive actions.

243. Throughout the entire illegal lawsuit against Plaintiff, **Midland** knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which **Midland** knew it was not entitled to receive.

244. The litigation against Plaintiff filed by **Midland** eventually resulted in adjudication in favor of Plaintiff.

245. The illegal and improper actions of the **Midland** constitute malicious prosecution.

246. This is the pattern and practice of **Midland** – to file suits with no basis and no intention of ever proving the case in an attempt to obtain default

judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by **Midland**.

247. Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of **Midland's** malicious prosecution.

## COUNT IV. (DEFENDANT MIDLAND ONLY)

## ABUSE OF PROCESS

248. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

249. The illegal and improper actions of **Midland** constitute abuse of process.

250. **Midland** intended on using a properly issued process for an improper purpose, which was to obtain a default judgment against Plaintiff when Plaintiff did not owe the debt and/or to intimidate Plaintiff into settling a debt Plaintiff did not owe in order to avoid the threatened consequences of a lawsuit.

251. This is the pattern and practice of **Midland** – to file suits with no basis and no intention of ever proving the case in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from

Alabama consumers who do not realize the bogus nature of the suit filed by **Midland**.

252.  The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of **Midland's** abuse of process.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against each and every Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

## <u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>

**Serve defendants via certified mail at the following address:**

Equifax, Inc.
c/o Prentice Hall Corporation System Inc.
641 South Lawrence Street
Montgomery, AL 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Midland Credit Management, Inc.
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

Midland Funding LLC
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

Trans Union, LLC
c/o Prentice Hall Corporation System Inc.
641 South Lawrence Street
Montgomery, AL 36104

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900041.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
## JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL

**NOTICE TO:** MIDLAND FUNDING LLC, C/O CORPORATION SVC CO 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

<i>(Name and Address of Defendant)</i>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS ,

<i>(Name(s) of Attorney(s))</i>

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .

<i>(Address(es) of Plaintiff(s) or Attorney(s))</i>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSHUA CASEY

<i>[Name(s)]</i>

pursuant to the Alabama Rules of the Civil Procedure.

| 01/23/2021 | /s/ MARY HARRIS | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　　/s/ JOHN GRIFFIN WATTS

<i>(Plaintiff's/Attorney's Signature)</i>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<i>(Date)</i>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<i>(Name of Person Served)</i>　　　　　　　　　　<i>(Name of County)</i>

Alabama on _____.

<i>(Date)</i>

<br>

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900041.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL

**NOTICE TO:** MIDLAND CREDIT MANAGEMENT, INC., C/O CORPORATION SVC CO 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSHUA CASEY

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 01/23/2021 | /s/ MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____ _____ _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____ _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900041.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL

**NOTICE TO:** EQUIFAX, INC., C/O PRENTICE HALL CORP SY 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS                                                                                ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203                                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOHN GRIFFIN WATTS — JOSHUA CASEY

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 01/23/2021 | /s/ MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900041.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL

**NOTICE TO:** EXPERIAN INFORMATION SOLUTIONS, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSHUA CASEY
*(Name(s))*
pursuant to the Alabama Rules of the Civil Procedure.

| 01/23/2021 | /s/ MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____    _____    _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____    _____

*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900041.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL**

**NOTICE TO:** TRANS UNION, LLC, C/O PRENTICE HALL CORP 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSHUA CASEY
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 01/23/2021 | /s/ MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____      _____      _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____      _____

*(Server's Printed Name)*          *(Phone Number of Server)*

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EXPERIAN INFORMATION SOLUTIONS, INC.

C/O CT CORPORATION SYSTEM

2 N. JACKSON ST SUITE 605

MONTGOMERY, AL, 36104

9590 9402 6314 0274 7429 34

2. Article Number *(Transfer from service label)*

7020 2450 0001 5020 7982

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature



☐ Agent
☐ Addressee

X Jennifer Lockwood

B. Received by *(Printed Name)*       C. Date of Delivery

FEB 0 1 2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

D004



CN-2021- 90004

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



**USPS TRACKING#**

MONTGOMERY AL 360

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6314 0274 7429 34

**United States
Postal Service**

*Sender: Please print your name, address, and ZIP+4® in this box*

MARY H. HARRIS
CIRCUIT CLERK, SHELBY CO
P.O. BOX 1810
COLUMBIANA, AL 35051





AlaFile E-Notice

58-CV-2021-900041.00

Judge: LARA M ALVIS

To:  WATTS JOHN GRIFFIN
     john@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL
58-CV-2021-900041.00

The following matter was served on 2/1/2021

**D004 EXPERIAN INFORMATION SOLUTIONS, INC.**

**Corresponding To**

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL, 35051

205-669-3760
mary.harris@alacourt.gov



AlaFile E-Notice

58-CV-2021-900041.00

Judge: LARA M ALVIS

To: HERRING MYLES STANLEY JR.
stan@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

JOSHUA CASEY V. MIDLAND FUNDING LLC ET AL
58-CV-2021-900041.00

The following matter was served on 2/1/2021

**D004 EXPERIAN INFORMATION SOLUTIONS, INC.**

**Corresponding To**

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL, 35051

205-669-3760
mary.harris@alacourt.gov